(23 Misc. Rep. 754.)

### COWAN v. COWAN.

(Supreme Court, Special Term, Onondaga County. June, 1898.)

ACTION FOR DIVORCE—COLLUSION.

    A son, in pursuance of a talk with his mother, went to see her husband about her procuring a divorce from him; whereupon her husband asserted that sufficient evidence could not be obtained against him, and they had other conversation. Subsequently, he committed acts for the avowed purpose of supplying his wife with evidence, taking witnesses with him; and her son informed her thereof, and named an attorney to whom she could apply to get her a divorce. *Held* that, while she was not guilty of wrongdoing, her son, acting in her behalf, and the defendant, were guilty of such collusion as to defeat her right to recover a divorce for the acts committed.

Action by Hannah M. Cowan against Alvarado W. Cowan for an absolute divorce for adultery. Complaint dismissed.

John R. Collins, for plaintiff.

HISCOCK, J. The only misconduct upon the part of the defendant which has been sufficiently proved to be the basis for a judgment for divorce occurred April 17, 1898. Before that occurrence, plaintiff's son, in pursuance of a talk with her and with a letter from her, went to see the defendant about procuring a divorce from him. Defendant asserted in that conversation that no evidence could be obtained against him which would warrant a judgment for such relief, and there was other conversation. Subsequently, he committed the acts of April 17th for the express and avowed purpose of supplying plaintiff with evidence upon which to procure her divorce, going so far as to take witnesses with him. The information of those occurrences was subsequently communicated to plaintiff through her son, and the attorney named to whom she could go for the purpose of getting her divorce.

There is no question about what this court should do under such circumstances. It should deny the application for the relief demanded, as it hereby does. I do not find that the plaintiff personally has been guilty of any wrongdoing, but legally she must bear the responsibility for what her representatives have done; and there is no reasonable doubt but what her son, acting in her behalf, and the defendant, were guilty of such misconduct and collusion in the premises as to defeat her right to recover. Ordered accordingly.